# EXHIBIT A

EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | **Charge Presented To:**    Agency(ies) Charge No(s):<br>[ ] FEPA<br>[X] EEOC    Received 01-31-2022<br>420-2022-01040 |

_____ and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Ernest N. Finley, Jr. | (404) ▮▮▮▮ | ▮▮▮1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| City of Montgomery | 500+ | (334) 625-2096 |

| Street Address | City, State and ZIP Code |
|---|---|
| 103 North Perry Street, Montgomery, AL 36104 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Montgomery Police Department | 470 | (334) 625-2532 |

| Street Address | City, State and ZIP Code |
|---|---|
| 320 North Ripley Street, Montgomery, AL 36104 | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[X] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN
[X] RETALIATION    [X] AGE    [ ] DISABILITY    [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: April 2021    Latest: Ongoing

[X] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

See attached Exhibit A.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

EEOC Form 5 (11/09)

| January 31, 2022 | *[signature: Ernest Finley]* |
|---|---|
| Date | Charging Party Signature |

NOTARY – *When necessary, for State and Local Agency Requirements*

*[signature]*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*
1/31/22

*[Notary seal: LAUREN MARIE KROTHE BRANHAM, My Commission Expires November 15, 2024]*

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Ernest N. Finley, Jr.
EEOC Charge of Discrimination Exhibit A
Page 1 of 2

My name is Ernest N. Finley, Jr. I am a 60-year-old Black male. I began my career with the Atlanta Police Department in 1986, first as a patrol officer, and then as Deputy Chief of Field Operations. In January 2015, I was hired by the Montgomery Police Department as Chief of Police, and I served the City of Montgomery in this capacity until I was forced to resign by the Mayor in June 2021.

On or about April 2021, the City of Montgomery, its agents, employees, and the Mayor for the City caused false complaints to be made against me for the purpose of forwarding those complaints to the Alabama Ethics Commission and specifically to investigator Byron Butler of the Ethics Commission. Butler previously worked for the Montgomery Police Department and is a personal friend of several police officers. Butler was previously supervised by Jennifer Reaves, Deputy Chief, and should have been conflicted from investigating Deputy Chief Reaves or me by the Ethics Commission.

In 2020 and 2021, Deputy Chief Reaves and I had investigated several police officers for policy violations, fraud and theft. Our attempts to follow the disciplinary policies and discipline those officers were met with opposition by the Mayor and certain police officers. The Mayor encouraged the officers to complain to the Council for the City of Montgomery. However, I was told by the Mayor that neither I nor anyone reporting to me could speak to defend the Police Department or ourselves at the same meeting.

The City, the Mayor, and agents of the City conspired with Butler and Cynthia Raulston, General Counsel for the Ethics Commission, in order to bring and investigate false ethical complaints against me. Three weeks after Butler notified me in writing of the ethical complaints against me, the City, specifically Mayor Reed, forced me to resign my employment with the City.

Ernest N. Finley, Jr.
EEOC Charge of Discrimination Exhibit A
Page 2 of 2

I did not want to leave my employment and had done nothing to be removed from my position, but the Mayor told me I was being removed and it could be easy or difficult. I considered the Mayor's comments and actions threatening and I had no choice but to sign the resignation he handed me. The Mayor had prepared the resignation document.

It is my belief the Mayor wanted me removed from my position because he did not approve that I was enforcing Civil Rights laws of the United States and hired, promoted and disciplined employees equitably, regardless of race or gender. Based on false and fabricated evidence created by the City, the Mayor, Butler, and Raulston, the Ethics Commission found that I and Deputy Chief Reaves had each committed a "minor violation" of the Alabama Ethics Act. The Mayor issued an immediate press release that was circulated to the media including social media to intentionally disparage me and my professional reputation. These actions caused me personal and professional harm.

In November 2021, the Alabama Attorney General exonerated and cleared me of all wrongdoing. The Attorney General's independent investigation found that Raulston and Butler had engaged in unethical and illegal acts to present false evidence to the Alabama Ethics Commission. Neither the Mayor nor the City issued any type of press or media release that I or Deputy Chief Reaves had been cleared of a violation of the Alabama Ethics Act. Rather, the City and the Mayor have remained silent, refusing to rectify the professional and reputational harm it caused me or taking any action to reinstate me to my position.

I believe I have been discriminated on the basis of my race and age. Further, I believe I have been subjected to retaliation based on my objection to intentional race discrimination by the Mayor and the City of Montgomery.