IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ERNEST N. FINLEY, JR.,** an individual, | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) |
| v. | ) **CASE NO.: 2:23-cv-146-KKD-PBM** |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA**, an Alabama Municipal Corporation; **MAYOR STEVEN L. REED**, an individual, | ) ) ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS CITY OF MONTGOMERY'S AND MAYOR REED IN HIS INDIVIDUAL CAPACITY'S JOINT REPLY IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT AND BRIEFS IN SUPPORT THEREOF AND JOINT MOTION TO STRIKE PLAINTIFF'S EVIDENTIARY SUBMISSIONS**

The City of Montgomery and Mayor Steven Reed filed motions for summary judgment (Docs. 102, 104, 116), briefs in support (Docs. 115, 118, 121), and evidentiary submissions (Docs. 115-1 through 115-28; 124-1). These motions prove that none of the adverse employment actions alleged by Ernest Finley are actionable, much less could any be supported by any fact discovered in this litigation.

After the Defendants filed, this Court gave Plaintiff Finley till April 8, 2025, to file an oppositions to those motions. (Doc. 119, as amended by Doc. 128.)

Starting at 1:12 a.m. on April 9, Plaintiff Finley filed three different groupings of "Evidentiary Submissions" allegedly in opposition to the City's and Steven Reed's Motions for Summary Judgment. (Docs. 129-131.) These filings consisted of 101 exhibits[1] (some of which were duplicates, see e.g. Docs. 129-5 and 131-13), unaccompanied by any Narrative Statement of Facts (undisputed or otherwise), without any legal precedent, without any reference to the Defendants' briefs and/or facts, and without any reference to any remaining causes of action that Finley has against any defendant.

Simply, no amount of analysis on the part of Plaintiff Finley could have saved his claims, but it matters not, as Finley has not bothered to even acknowledge the Defendants' assertions or this Court's Orders. The Defendants' Motions for Summary Judgment are due to be GRANTED and Finley's evidentiary submissions stricken from the record. The Defendants further reply in support of their Motions as follows:

I.  **THE UNDISPUTED FACTS (DOC. 115, PARAS. 1-101) PROVE THAT NONE OF FINLEY'S REMAINING CAUSES OF ACTION CAN SURVIVE SUMMARY JUDGMENT.**

---

[1] The Defendants have not attempted to calculate how many pages these 101 exhibits consist of. But it is a sight lot more than the City's 1,184 pages it originally filed, and to which an Order was entered striking the City's "discovery dump" and directing the City to re-file only those pages "to support a necessary fact." (Doc. 112.) Despite this Order, and the Order Plaintiff Finley received in case 2:23-464-KKD-PBM on April 8 (Doc. 121), Finley still chose to file 101 exhibits, far exceeding the City's previously stricken filing.

The City and Reed are due summary judgment because "the record taken as a whole could not lead a rational trier of fact to find for [Finley]." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Finley had four remaining claims in his suit against the City: (1) Count IX- unlawful retaliation under Title VII for the 180 days preceding his EEOC filing; (2) Count IX – claims for unlawful retaliation based on 42 U.S.C. § 1981, brought pursuant to 42 U.S.C. § 1983; (3) Count VI - race discrimination under 42 U.S.C. § 1981, brought pursuant to 42 U.S.C. § 1983; and (4) Conspiracy claims found in Count X and XI. Five claims against Mayor Reed survived in Finley's Amended Complaint: (1) Count V – Equal Protection, race discrimination, hostile work environment under the 14th Amendment; (2) Count X – conspiracy to violate civil rights (speech) pursuant to 42 U.S.C. § 1985; (3) Count XI – conspiracy to violate civil rights (due process) pursuant to 42 U.S.C. § 1985; (4) Count XII - conspiracy (speech and deprivation of a property interest) under Alabama Law; and (5) Count XV- defamation, libel and slander. The Defendants' briefs and evidentiary submissions are properly supported by the record and according to Rule 56 of the Federal Rules of Civil Procedure. Those arguments and conclusions need not be re-hashed in this brief. Simply, the Defendants Motions are due to be GRANTED.

## II. FINLEY HAS NOT OPPOSED ANY FACT OR ARUGMENT AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL

**PROCEDURE.**

Because the City's and Reed's filings were "property supported," Finley was required to "come forward with specific factual evidence, presenting more than mere allegations." Mosley, 137 Fed. Appx. at 250. Finley has not provided any "specific factual evidence." Rather, Finley's sole basis for opposition to the Defendants' motions are as follows:

> Presently pending before the Court is Defendants' Motion to File Documents Under Seal. (Doc. 98.) Plaintiffs, on March 28, 2025, filed their opposition to that Motion. (Doc. 113.) Because no Order has been issued concerning confidentiality and out of an abundance of caution, Plaintiffs are submitting certain items of evidence conventionally. These items are identified in the list below as "Conventionally submitted." This should not be construed as an admission on the part of Plaintiffs that evidence submitted in support of, or in opposition to, motions for summary judgment should be placed under seal absent proof of "good cause." *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007).

(Doc. 129-131.) As this Court is acutely aware, there is no Motion to File Documents Under Seal by either of the Defendants in this case. His opposition simply makes no sense and is unaccompanied by any relevant case law or citations to authority. Rule 56(c)(1)(A), Fed.R.Civ.P. ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record.")

"'[W]hen the non-movant fails to properly address a party's factual assertions,

the court may consider those facts undisputed and grant summary judgment if the facts in the record—including those considered undisputed—illustrate that the movant is entitled to judgment in its favor.'" Scott v. BP Expl. & Prod., Inc., 2021 WL 1257548 (S.D. Ala. Apr. 5, 2021) (DuBose, J.) (quoting Ogwo v. Miami Dade County School Board., 702 Fed. Appx. 809, 810 (11th Cir. 2017) (citing, in turn, Fed. R. Civ. P. 56(e)). See also Manzy v. Montgomery Hous. Auth., WL 1071878 (M.D. Ala. Apr. 21, 2006) (applying Title VII and 42 U.S.C. § 1981's burden-shifting framework to grant summary judgment on the undisputed material facts, reasoning in part, that "[t]he negative consequences to the non-movant in failing to respond to a motion for summary judgment are great."); Compare M.D. Ala. L.R. 26.3(c) (emphasis added) ("If discovery materials are germane to any motion or response, the relevant material **shall be filed with the motion or response**.") and (Doc. 59 at p. 8, ¶ 12 ("Motions and related submissions must conform to the FRCP and the Local Rules for the District Court of the Middle District of Alabama. The Court may disregard evidentiary submissions that do not comport with these requirements.")) with Abrams v. Ciba Specialty Chemicals Corp., 663 F. Supp. 2d 1220, 1234 n.19 (S.D. Ala. 2009) ("Plaintiffs attach the 198–page Exhibit 9 to their summary judgment filing in its entirety, in derogation of the Local Rules' directive that '[i]f discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response.' Local

Rule 5.5(c). The Court will not review uncited portions of this voluminous exhibit in search of some scrap of evidence that might support plaintiffs' position on summary judgment."); Preis v. Lexington Ins. Co., 508 F. Supp. 2d 1061 (S.D. Ala. 2007), aff'd, 279 F. App'x 940 (11th Cir. 2008) ("Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions."); Marable v. Marion Mil. Inst., 906 F. Supp. 2d 1237 (S.D. Ala. 2012), aff'd, 595 F. App'x 921 (11th Cir. 2014) (quotation and quotation, in turn, omitted) (regarding, in part, Title VII and § 1981 retaliation claims, "'It is not the responsibility of this Court to root through the record like a pig in search of truffles to determine whether there is a factual basis' for Marable's claim of pretext.").[2]

Finley's opposition failed to meet any of the requirements of Rule 56 and

---

[2] The authorities supporting the proposition that Finley has insufficiently and improperly responded to the Defendants motions are legion. See also Gonzalez v. Indep. Ord. of Foresters, 2025 WL 337898 (11th Cir. Jan. 30, 2025) ("In proceedings before the district court, 'the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.' Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). The court need not 'distill every potential argument that could be made based upon the materials before it on summary judgment.' Id."); Jackson v. Sara Lee Bakery Grp., 517 F. App'x 645, 645-46 (11th Cir. 2011) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)) ("If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment.").

failed to meet his burden with respect to any of his claims against the Defendants. Instead, Finley improperly puts the burden on the Court to cull through the mountain of evidentiary materials (none of which present direct evidence of retaliation or present a genuine dispute of material fact), develop his arguments, and shift the Rule 56 and other related burdens back to the City and Reed, and altogether proves that the City's and Reed's Motions are further due to be GRANTED based on the undisputed facts.

### III. FINLEY'S "EVIDENTIARY SUBMISSIONS" ARE DUE TO BE STRUCK FOR BEING UNTIMELY AS WELL AS IN VIOLATION OF THIS COURT'S MANY ORDERS.

The Defendants are mindful that "[m]otions to strike are generally disfavored as time wasters that distract the court from the merits of a party's claim." Zukowski v. Foss Maritime Co., 2013 WL 1966001, *3 (S.D. Ala. May 10, 2013) (citations omitted). The City and Reed argue that their respective Motions for Summary Judgment are properly supported and that the "opposition" filed by Finley does not direct this Court to any specific citation in the record or legal authority to support his claims. That is, the Defendants Motions are due to be GRANTED on this Court's review of the "record taken as a whole." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

And yet, this Court's Order unambiguously stated: "Plaintiff shall file a response to Defendant City of Montgomery and Defendant Reed on or before April

8, 2025. No further extension will be granted except for extraordinary circumstances." Finley's "response" was filed on April 9, 2025. (Docs. 129-131.) His response was unaccompanied by any extension of time or an explanation why his opposition was tardy.

The Eleven Circuit has stated that a "district court's refusal to consider an untimely opposition to summary judgment motion is not an abuse of discretion." Mosley v. MeriStar Management Co., LLC, 137 Fed. Appx. 248, 250 (11th Cir. 2005). The facts in Mosley were identical to this case: the plaintiff untimely filed an opposition and evidentiary submission to the defendant's summary judgment, which was unaccompanied by any explanation of why the late filing should be excused or for an extension of time. Id. The opposition was struck by the district court, which was affirmed on appeal. Similarly, Finley's evidentiary submissions are due to be struck.

Finally, Finley's evidentiary submissions are due to be struck as violative of this Court's previous Orders, M.D. Ala. L.R. 26.3(c),[3] and actions taken in this case and in the companion case, 2:23-464-KKD-PBM. In both instances, the evidentiary

---

[3] See M.D. Ala. L.R. 26.3(c) (emphasis added) ("If discovery materials are germane to any motion or response, the relevant material ***shall be filed with the motion or response***.") and (Doc. 59 at p. 8, ¶ 12 ("Motions and related submissions must conform to the FRCP and the Local Rules for the District Court of the Middle District of Alabama. The Court may disregard evidentiary submissions that do not comport with these requirements."))

submissions were stricken. (Doc. 112 and Doc. 121 2:23-464-KKD-PBM.) This Court stated: "[d]umping all evidentiary material and expecting the Court to sort through what is relevant is unacceptable." Finley's 101 exhibits he began filing at 1:12 a.m. on April 9th meets this definition "in spades." As this Court did with the City, and with Finley in 2:23-464-KKD-PBM, his "evidentiary submissions" (Docs. 129-131) are due to be stricken and the City's and Reed's Motions are further due to be GRANTED based on the undisputed facts.

                              **/s/ Scott M. Speagle**
                              SCOTT M. SPEAGLE (ASB-0705-T78S)
                              WALKER N. KOWALCHYK (ASB-4448-y13k)
                              ALEX L. SANDLIN (ASB-3173-c48e)
                              Attorneys for the City of Montgomery, Alabama

OF COUNSEL:

WEBSTER, HENRY, COHAN, SPEAGLE
  DESHAZO & BANKSTON, P.C.
Post Office Box 239
Montgomery, Alabama 36101
Telephone: (334) 264-9472
Facsimile: (334) 264-9599
Email:       scott@websterhenry.com
                wkowalchyk@websterhenry.com

                              ***electronic signature affixed with permission*

                              /s/ Terry G. Davis
                              Terry G. Davis (ASB-1565-A-64T)
                              Ronald B. Hatcher (ASB-6810-A-39R)

                                                  Attorneys for Defendant Mayor Steven L. Reed, Individually

OF COUNSEL:
Davis Hatcher Law, P.C.
4183 Carmichael Road, Ste. B
Montgomery, Al 36106
(334) 270-0592
tdavis@dhlaw1.com
rhatcherlaw@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served on the following by directing same to counsel's office address via United States first class mail, postage prepaid, or by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing on this 10th day of April, 2025:

Heather Leonard, Esq.
HEATHER LEONARD, PC
2105 Devereux Circle; Suite 111
Birmingham, Alabama 35242

Alicia Kay Haynes, Esq.
Kenneth Haynes, Esq.
HAYNES & HAYNES
1600 Woodmere Drive
Birmingham, Alabama 35226

                                                      /s/ Scott M. Speagle
                                                      OF COUNSEL