## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **ERNEST N. FINLEY, JR.,** an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.: 2:23-cv-146-KKD-PBM** |
| | ) |
| **CITY OF MONTGOMERY, ALABAMA,** an | ) |
| Alabama Municipal Corporation; **MAYOR** | ) |
| **STEVEN L. REED**, an individual, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT CITY OF MONTGOMERY'S
## MOTION TO DISMISS FOR FAILURE TO PROSECUTE

*Federal Rule of Civil Procedure* 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." See Fed. R. Civ. P. 41(b). Plaintiff Finley has ignored, avoided, and neglected his obligations under this Court's direct Orders, this Court's Local Rules, and the Federal Rules of Civil Procedure in prosecuting his claims. Plaintiff Finley has caused the City of Montgomery unnecessary expense and costs in defending this suit by (1) failing to follow the Court's Scheduling Order and Standing Order Governing the Final Pretrial Conference (Docs. 59 and 59-1) regarding settlement negotiations and the Joint Pretrial Document; (2) failing to meet his obligations under this Court's Scheduling

and Standing Order Governing the Final Pretrial Conference, M.D. Ala. L.R. 26.3(c), and *Federal Rule of Civil Procedure* 56, by failing to file any response to the Defendants' Motion for Summary Judgment and Brief in Support Thereof, and instead dumping three volumes of 101 exhibits into the record in this case, (which disobeyed this Court's Order in a collateral case; and (3) failing to meet his obligations under this Court's PreTrial Order and *Federal Rule of Civil Procedure* 26(a)(3)(A) to file Pretrial Disclosures before April 10, 2025. As further grounds for this Motion, the City states as follows:

Since August 18, 2021, this Court's Standing Order Governing the Final Pretrial Conference requires the parties to "jointly prepare a <u>single</u> Joint Pretrial Document in the form attached, which must be filed…at least **seven (7) calendar days** before the Final Pretrial Conference. <u>See</u> (Doc. 59-1 at p.1, ¶ 1). The Court's Order also requires the parties to "confer and engage in meaningful settlement discussions within 30 days <u>prior</u> to the Final Pretrial Conference," which is set for Wednesday, April 30, 2025, at 12:00 p.m. (Doc. 111), making the Joint Pretrial Document due to the Court on or before April 23, 2025. "Failure to comply with the provisions of th[e]" Standing Order "may result in … dismissal of the action for failure to prosecute" or "any other action as deemed appropriate by the Court." <u>See</u> (Doc. 59-1 at p. 5, ¶ 6). The undersigned has requested demands of Finley and, to date, has not received any response, demand, or communication in any way that

would be in accordance with this Court's orders.   The City, as such, has no way to defend or comply with this Court's orders regarding settlement negotiations or the Joint Pre-trial statement.

Next, the time for dispositive motions has gone without Finley filing any proper response to the Defendants' Motion for Summary Judgment or Brief in Support Thereof.   After granting Plaintiff an extension to file a response to the Defendants' Summary Judgment Motions and corresponding briefs in support thereof on the same day, this Court unambiguous stated that "Plaintiff shall file a response to Defendant City of Montgomery and Defendant Reed **on or before April 8, 2025**.   No further extension will be granted except for extraordinary circumstances." (Doc. 128).

As stated in the Defendants' Joint Reply (Doc. 132), instead of filing a response on April 8, 2025, Finley filed a "response" the next day—on April 9, 2025—unaccompanied by any extension of time or explanation why his opposition was tardy.   (Docs. 129-131).

Not only was Finley's "response" tardy, unaccompanied by any extension of time or explanation why his opposition was tardy, but it violated this Court's previous Orders, M.D. Ala. L.R. 26.3(c), *Federal Rule of Civil Procedure* 56, and actions taken in this case and the companion case, 2:23-464-KKD-PBM.

Starting at 1:12 a.m. on April 9 and continuing throughout the day on April 9,

2025, Plaintiff Finley began filing three different "volumes" of "Evidentiary Submissions" ostensibly in opposition to the City's Motion for Summary Judgment (Docs. 129-131). These filings consisted of 101 exhibits (some of which were duplicates; see, e.g., Docs. 129-5 and 131-13), unaccompanied by any Narrative Statement of Facts (undisputed or otherwise), without any legal precedent, without any reference to the Defendants' brief and/or facts, and without any reference to any remaining causes of action that Finley has against any defendant.

This Court has once struck the Defendants' Briefs and Evidentiary Submissions for failure to follow this Court's Orders (Doc. 112) and struck Finley's "Evidentiary Submissions" in the companion case, stating, "[d]umping all evidentiary material and expecting the Court to sort through what is relevant is unacceptable" (Doc. 121, 2:23-464-KKD-PBM).

This Court warned Finley that his failure to comply with the Court's Orders and deadlines regarding the dispositive motion practice would result in the involuntary dismissal of his claims in a collateral case: *Finley and Reaves v. Albritton, et al.*, Case No.: 2:23-464-KKD-PBM. On April 8, 2025, this Court stated Finley "ha[s] consistently failed to follow the Court's orders as outlined above" and "**Failure to properly file a response** to Defendants' motion for summary judgment **by midnight today (April 8, 2025) will result in dismissal of this case for failure to prosecute**...." See (Doc. 121, 2:23-464-KKD-PBM).

Notwithstanding the Court's Order and warning to Finley, the very next day, Finley filed the same "discovery dump" in this case, consisting of thousands of pages of exhibits (none of which present a genuine dispute of material fact), unaccompanied by any Narrative Statement of Facts (undisputed or otherwise), without any legal precedent, without any reference to the Defendants' brief and/or facts, without any reference to any remaining causes of action that Finley has against any defendant, once again expecting the Court to not only cull through the materials and identify a genuine dispute of material fact (there are none) but then develop Finley's arguments for him.   Finley's deliberate disobedience to this Court's Orders regarding the dispositive motion practice alone justifies the sanction of involuntary dismissal of this case.

Finally, like the dispositive motion deadlines, the deadline for the parties to file their Pretrial Disclosures (April 11, 2025) has come and gone.   It is now three days past the deadline, with only 16 days before the Final Pretrial Conference (and, thus, to prepare the case for trial), and only the Defendants have filed any Pretrial Disclosures.   (Docs. 133-135).   As this Court can probably gather, Finley's failure to particulate in the litigation, prevents the City from being ready for trial as this Court has directed of the City in it Order.   Finley's neglect of his responsibilities has and will exponentially continue to prejudice the Defendants, who are entitled to the same disclosures under *Federal Rule of Civil Procedure* 26(a)(3)(A) as Finley

has received the benefit of from the City's disclosures.

In short, Finley has spent the the City's time, money, and resources litigating this case, dragging the City across three cases, through months of discovery, 25+ depositions, and tens of thousands of discovery documents, all the while expecting the City to spend its resources to comply with the Court's orders and deadlines, only to avoid or neglect his own. Finley's actions, under the Rules, amount to a failure to prosecute for which the City is entitled to a dismissal with prejudice.

WHEREFORE, premises considered, the Defendants City of Montgomery and Mayor Reed move this Honorable Court to dismiss the above-styled case and all Plaintiff Finley's claims against the Defendants in their entirety with prejudice for want of prosecution and award the Defendants any other, different, and further relief as the Court deems just, reasonably, and appropriate.

/s/ Scott M. Speagle
SCOTT M. SPEAGLE (SPE 050)
WALKER N. KOWALCHYK (KOW004)
ALEX L. SANDLIN (SAN 099)
Attorneys for the City of Montgomery, Alabama

OF COUNSEL:

WEBSTER, HENRY, COHAN, SPEAGLE
  DESHAZO & BANKSTON, P.C.
Post Office Box 239
Montgomery, Alabama 36101

Telephone:  (334) 264-9472
Facsimile:  (334) 264-9599
Email:      scott@websterhenry.com
            wkowalchyk@websterhenry.com
            alex@websterhenry.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on the following by directing same to counsel's office address via United States first class mail, postage prepaid, or by electronically filing the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing on this 14th day of April, 2025:

Heather Leonard, Esq.
HEATHER LEONARD, PC
2105 Devereux Circle; Suite 111
Birmingham, Alabama 35242

Alicia Kay Haynes, Esq.
HAYNES & HAYNES
1600 Woodmere Drive
Birmingham, Alabama 35226

Terry G. Davis, Esq.
Ronald B. Hatcher, Esq.
DAVIS HATCHER LAW, P.C.
4183 Carmichael Road, Ste.   B
Montgomery, Alabama 36106

/s/ Scott M. Speagle
OF COUNSEL